09-0318-cv
Freund v. SNCF

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
       PIERRE N. LEVAL,
                <u>Circuit Judge</u>,
     GEORGE B. DANIELS,
                <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -x

MATHILDE FREUND, LEO BRETHOLZ, FREDDIE KNOLLER, KURT SCHAECHTER, RAYMOND BONI, PIERRE CHANOVER, ABRAHAM DRESDNER, MARGOT FEIGENBAUM, SOLOMON HECHT, GINETTE KALISH, BEATRICE KARP, MAURICE KORNBERG, RUDOLPH LOEBEL, REGINA LOEBEL, RAYMOND MAGER, BERTHE BANIA PALUMBO,

---

\* District Judge George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

1

**SUSAN PHILLIP, INGEBORG PRICE, MARGUERITE ELIAS QUDDUS, SUZANNE RINGEL, SUZANNE RAPPOPORT RIPTON, VERA REICHMAN, COLETTE RORLS-THOMASSIN, MAURICE SALCFAS, LILIANE SCHIMKOVITZ, JACOB HECHT, on behalf of themselves and all others similarly situated,**

                  <u>Plaintiffs-Appellants</u>,

      - v.-                         No. 09-0318-cv

**SOCIÉTÉ NATIONALE DES CHEMINS DE FER FRANÇAIS,**

                  <u>Defendant-Appellee</u>,

**REPUBLIC OF FRANCE and CAISSE DES DÉPÔTS ET CONSIGNATIONS,**

                  <u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR APPELLANTS: | Isaac Lidsky, Akin Gump Strauss Hauer & Feld, London, United Kingdom (Harriet Tamen, Law Offices of Harriet Tamen, New York, NY; Stephen T. Rodd, Abbey Spanier Rodd & Abrams, LLP, New York, NY; Professor Lucille A. Roussin, New York, NY; Professor Malvina Halberstam, Benjamin N. Cardozo School of Law, New York, NY; William H. Davidson, New York, NY, <u>on the brief</u>). |
| FOR APPELLEE: | Professor Andreas S. Lowenfeld (Professor Linda J. Silberman, <u>on the brief</u>), New York University School of Law, New York, NY. |
| FOR *AMICUS CURIAE*: | Professor Jordan J. Paust, University of Houston Law Center, Houston, TX, for *Amicus Curiae* The Human Rights Committee of the |

American Branch of the International Law Association.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs, a putative class of Holocaust survivors and the heirs and beneficiaries of Holocaust survivors and victims, appeal from the judgment of the United States District Court for the Southern District of New York (Sullivan, J.), which dismissed their claims relating to the spoliation of personal property during forced railroad deportations to holding camps in France and Nazi concentration camps. Plaintiffs brought suit against the Republic of France; the French national depository, Caisse des Dépôts et Consignations ("CDC"); and the French national railway, Société Nationale des Chemins de Fer Français ("SNCF"). The district court granted the motions filed by each of the three defendants seeking dismissal, inter alia, for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 et seq. Plaintiffs appeal only as to the dismissal of their claims against SNCF. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"The standard of review applicable to district court decisions regarding subject matter jurisdiction under the FSIA is clear error for factual findings and de novo for legal conclusions." Robinson v. Gov't of Malay., 269 F.3d 133, 138 (2d Cir. 2001). Under the FSIA, "[o]nce the defendant presents a prima facie case that it is a foreign sovereign, the plaintiff has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted, although the ultimate burden of persuasion remains with the alleged foreign sovereign." Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1016 (2d Cir. 1993).

It is not necessary in this case to track the shift of burdens or to assess the sufficiency of evidence because (i) SNCF's motion to dismiss asserts foreign sovereign immunity; (ii) the only exception at issue is the takings exception, 28 U.S.C. § 1605(a)(3); and (iii) the complaint itself alleges a sequence of events that runs counter to any inference that the stolen "property or any property

3

exchanged for such property is owned or operated by" SNCF--as required by the takings exception in the context of this litigation, id.; see also Garb v. Republic of Pol., 440 F.3d 579, 581 (2d Cir. 2006).

In the complaint, the term "Defendants" encompasses France, the CDC, and SNCF. See Compl. ¶ 1. There is no specific allegation that SNCF itself currently possesses the stolen property or any derivative property. The complaint alleges that SNCF seized the property without alleging that SNCF (as opposed to France or the CDC or even Germany) retained the property, or any derivative property:

- "SNCF took the suitcases and other valuables, telling the victims that the Property would be returned to them. It was not." Compl. ¶ 18.

- "During the War, Defendants, by their own conduct individually took, and in concert with each other, aided and abetted and conspired to take, the Property of Plaintiffs, in violation of international law, both customary and treaty, by taking Property on a discriminatory basis, for no public purpose and without just compensation." Compl. ¶ 68.

- "The Defendants have failed to return Property to their rightful owners and have intentionally and wrongfully concealed from the Plaintiffs information about the Property and the value and profits derived theref[rom]." Compl. ¶ 77.

See also Compl. ¶¶ 27, 30-31, 33-36, 38-39, 41-43, 45-46, 48-50.

The only allegation that references retention of the stolen property (or proceeds) is pleaded in the collective, merging the roles of the original defendants in the taking and retention of the property:

> Defendants have willfully and wrongfully taken, retained and converted the Property and its derivative profits into their own property, and Defendants' exercise of the rights of ownership and control over the Property were and are inconsistent with Plaintiffs' rights, were and are

4

without authorization, and such acts constitute a conversion.

Compl. ¶ 73. Such collective pleading generally is unremarkable; but here the complaint itself runs counter to the possibility that the stolen property (or any derivative property) remains lodged with SNCF:

> The CDC was the depository for most of the funds spoliated from the Jews and other detainees in the holding camps. *The CDC was also the recipient of funds, both during and after the War, arising from the sales and auctions of Jewish Property.*

Compl. ¶ 20 (emphasis added); see also id. ¶ 22.

Plaintiffs' briefing argues that among various contingencies--loss, destruction, sale, or retention of the stolen property--"the most plausible explanation is that SNCF still has the Property." But this argument contradicts the thrust of Plaintiffs' complaint and ignores the roles alleged to have been played by France and the CDC.

In reviewing the denial of jurisdictional discovery, we consider only whether remand is warranted for jurisdictional discovery as against SNCF. (No appeal is taken from the dismissal of the claims against France and the CDC.) Since, as we conclude above, the claims against SNCF are defeated on the pleadings, we decline to order jurisdictional discovery.

Plaintiffs forfeited their request for leave to replead. Plaintiffs did not make that request until their appellate reply brief. "We generally do not consider issues raised in a reply brief for the first time because if an appellant raises a new argument in a reply brief an appellee may not have an adequate opportunity to respond to it." In re Harris, 464 F.3d 263, 268 n.3 (2d Cir. 2006) (internal quotation marks and citations omitted).

For the foregoing reasons, we **AFFIRM** the judgment of the district court on the ground that SNCF's foreign sovereign immunity deprived the federal courts of subject matter jurisdiction over this action. We need not, and do not, reach the international comity considerations on which the district court alternatively relied, or any of the other

5

issues presented on appeal or raised in the district court proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

_____